STATE OF WEST VIRGINIA

**FILED**
September 15, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES HAWLEY,**
**Claimant Below, Petitioner**

**vs.)   No. 14-1316**  (BOR Appeal No. 2049556)
(Claim No. 2013013340)

**WHEELING LINEN SERVICE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James Hawley, by William Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wheeling Linen Service, Inc., by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 25, 2014, in which the Board affirmed a June 9, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 5, 2013, decision closing Mr. Hawley's claim for temporary total disability benefits. The Office of Judges also affirmed the claims administrator's September 11, 2013, decision denying Mr. Hawley's request for vocational rehabilitation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hawley injured his left shoulder and cervical spine on November 12, 2012, while lifting a very heavy bag of soiled linen. The claims administrator's decision holding the claim compensable is not contained in the evidentiary record. However, it appears that the claim has been held compensable for sprains/strains of the cervical spine and left shoulder.

1

On July 17, 2013, ChuanFang Jin, M.D., performed an independent medical evaluation. In addition to the compensable cervical and left shoulder sprains, she diagnosed Mr. Hawley with pre-existing degenerative disease of the cervical spine. She then opined that Mr. Hawley has reached maximum medical improvement in relation to the compensable injuries. Dr. Jin noted that although Mr. Hawley continues to experience some cervical spine pain, he expressed a desire to return to work. She therefore released him to return to work at modified duty with the following work restrictions: lifting no more than fifteen pounds, carrying no more than five pounds, and avoidance of prolonged sitting. On August 23, 2013, Wheeling Linen Service, Inc., wrote to Mr. Hawley indicating that a light duty position was available for him consistent with the restrictions imposed by Dr. Jin.

On September 5, 2013, the claims administrator closed Mr. Hawley's claim on a temporary total disability basis. On September 11, 2013, the claims administrator denied Mr. Hawley's request for authorization of vocational rehabilitation benefits. Wheeling Linen Service, Inc., sent a second letter to Mr. Hawley on November 26, 2013, indicating that although he was released to return to work in August of 2013 and actually returned to work on September 3, 2013, with full accommodation of the restrictions imposed by Dr. Jin, Mr. Hawley stated that he could not work at all after working at modified duty for approximately one hour, and that Mr. Hawley had had no further contact with Wheeling Linen Service, Inc. On February 13, 2014, Mr. Hawley was deposed. He testified that he was unable to perform the modified duty position offered by Wheeling Linen Service, Inc., because it caused him to experience severe neck pain with resulting numbness in his legs as it required him to stand with his head downturned in order to feed napkins through a mechanical ironer.

In its Order affirming the September 5, 2013, and September 11, 2013, claims administrator's decisions, the Office of Judges held that Mr. Hawley has failed to demonstrate that he remained temporarily totally disabled at the time of the claims administrator's closure of the claim for temporary total disability benefits and further held that Mr. Hawley has failed to show that he is entitled to vocational rehabilitation benefits in the instant claim. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated November 25, 2014. On appeal, Mr. Hawley asserts that his return to work on September 3, 2013, should be classified as an unsuccessful trial return to work; that Wheeling Linen Service, Inc., was unable to accommodate the work restrictions imposed by Dr. Jin; and that he is therefore entitled to vocational rehabilitation benefits. Further, Mr. Hawley asserts that the claims administrator, Office of Judges, and Board of Review erred in closing his claim on a temporary total disability basis.

West Virginia Code § 23-4-7a (2014) states that temporary total disability benefits are not payable after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. As was noted by the Office of Judges, pursuant to the statute, Dr. Jin's July 17, 2013, finding that Mr. Hawley has reached maximum medical improvement and her decision to release him to return to work terminated his eligibility for temporary total disability benefits.

Further, the Office of Judges determined that Mr. Hawley's argument that his return to work was a trial return to work governed by West Virginia Code § 23-4-7b (2014) is unpersuasive. The Office of Judges found that the evidence of record establishes that Wheeling Linen Service, Inc., provided Mr. Hawley with a light duty position consistent with the work restrictions imposed by Dr. Jin. The Office of Judges further found that the record is devoid of any medical evidence corroborating Mr. Hawley's assertion that he was physically unable to perform the light duty position provided by Wheeling Linen Service, Inc. The Office of Judges concluded that in the absence of corroborating medical evidence, Mr. Hawley's assertion that he was unable to perform the light duty position provided by Wheeling Linen Service, Inc., is not credible.

Regarding Mr. Hawley's request for vocational rehabilitation benefits, the Office of Judges noted that Mr. Hawley argues that he is eligible for vocational rehabilitation pursuant to West Virginia Code § 23-4-9 (2014) based upon his assertion that Wheeling Linen Service, Inc., is unable to accommodate the work restrictions imposed by Dr. Jin. The Office of Judges found that Mr. Hawley's argument is unpersuasive because the evidentiary record clearly shows that Wheeling Linen Service, Inc., did provide him with a light duty position fully compliant with the restrictions imposed by Dr. Jin. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 15, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II